NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3177
_____

UNITED STATES OF AMERICA

v.

NIYAZ SAINUDEEN,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-12-cr-00194-001)
Honorable James Knoll Gardner, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
June 10, 2014

BEFORE: AMBRO, GREENBERG, and BARRY, Circuit Judges

(Filed: June 19, 2014)
_____

OPINION
_____


GREENBERG, Circuit Judge.

        This matter comes on before this Court on an appeal by Niyaz Sainudeen from a

judgment of conviction and sentence entered on his guilty plea on June 25, 2013.

Sainudeen pleaded guilty to all four counts of an indictment charging him with

distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) (two counts); receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) (one count); and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (one count). The District Court sentenced him to a single 151-month custodial term on all four counts without division among the counts. The Court also imposed a single term of supervised release of five years, required restitution of $10,000, and imposed a single special assessment of $400, all without division among the four counts.

Sainudeen appeals, challenging only his sentence. He contends that (1) the sentence was procedurally and substantively unreasonable, (2) the District Court violated his double jeopardy rights when it did not merge the separate counts at sentencing, and (3) the Court erred in not specifying a separate sentence on each count and, instead, imposed a general custodial sentence on all four counts that exceeded the statutory maximum custodial sentence allowed on one of the counts. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Inasmuch as we will vacate the judgment and remand the case for resentencing solely because we accept Sainudeen's third contention which he did not advance in the District Court, we are exercising a plain error standard of review. See United States v. Olano, 507 U.S. 725, 734-35, 115 S.Ct. 1770, 1777-78 (1993). Thus, for Sainudeen to obtain relief on this appeal he must demonstrate that the District Court made an obvious error when it imposed the general sentence that abridged his substantial rights to a separate sentence on each count.

2

It is clear that the District Court committed a plain error when it imposed the general custodial sentence. The parties agree that under 18 U.S.C. § 2252(b)(1) the maximum allowable custodial sentence on each of the three counts under 18 U.S.C. § 2252(a)(2) was 20 years, and under 18 U.S.C. § 2252(b)(2) the maximum allowable custodial sentence on the count under 18 U.S.C. § 2252(a)(4)(B) was ten years. Thus, if we treated the custodial sentence as having been imposed on each count the sentence would be illegal as the sentence on the fourth count of 151 months exceeded the statutory maximum custodial sentence of ten years on the count. Moreover, as we made clear in United States v. Ward, 626 F.3d 179, 184 (3d Cir. 2010), citing U.S.S.G. § 5G1.2(b), a court should impose a separate sentence on each count on which it is sentencing a defendant, and the sentence here was defective because the Court did not do so.[1]

We are aware that in imposing the sentence the District Court, after concluding that it could have imposed a 70-year sentence, said that it "chose to impose a concurrent sentence and a much lower sentence than 20 years, 20 years, 20 years, plus 10 years respectively." App. at 211.[2] Thus, it is clear that the Court considered imposing concurrent sentences. Nevertheless, in its oral sentence the Court indicated that Sainudeen was "committed to the custody of the Bureau of Prisons to be imprisoned for a term of 151 months." App. at 199. Accordingly, there is no escape from the fact that the Court imposed a single general sentence rather than four concurrent sentences. The

---

[1] Usually the court can direct that sentences run concurrently.

[2] Though the transcript indicates that the District Court used the word "respectively," which in context was appropriate, the Court may have said "consecutively."

3

judgment continued this error as, after listing the four offenses of which Sainudeen was guilty, it recited that "[t]he defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 151 MONTHS." App. at 4. Therefore, even though the Court may have believed that, in effect, it was imposing concurrent sentences, the Court could not have done so as it did not impose sentences separately on each count.

Finally, in addressing the merits of Sainudeen's third contention we note that the prosecutor acknowledges that "[u]nder Ward . . . Sainudeen has demonstrated that the district court erred and the error was obvious under the law at the time of review." Appellee's br. at 46. But the prosecutor's proposed remedy that "this Court should affirm the judgment, and order that the sentence on Count Four be lowered to 120 months," id. at 48, would not correct the Ward problem. To the contrary, inasmuch as the Court did not impose a separate sentence on Count Four the prosecutor is suggesting that we should direct the District Court to enter a two-part hybrid sentence, i.e., a general sentence on the first three counts and a separate sentence on Count Four. But we hardly can adopt that suggestion as we will not direct the District Court to enter even in part a general sentence that is not permissible under our holding in Ward. Therefore, the District Court must resentence Sainudeen on all four counts.

We make two final points. First, we are not suggesting that we would disapprove a sentence that included a 151-month custodial term as we do not consider the substantive merits of the appeal from the sentence. Rather, we reiterate that we vacate the sentence only because the Court did not structure the sentence correctly and thus abridged

4

Sainudeen's right to be sentenced separately on each count. Second, our disposition of this appeal is without prejudice to either party on the resentencing advancing any contention that it deems appropriate, including the first two contentions that Sainudeen made on this appeal.

For the foregoing reasons we will vacate the judgment entered June 25, 2013, and remand the case to the District Court for resentencing de novo.